# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW AREVALO,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>JEFF CASTRO et al.,<br><br>　　　　　Defendants. | 3:15-cv-00407-RCJ-WGC<br><br>**ORDER** |

This is a prisoner civil rights case. Pending before the Court is a Motion to Dismiss. (ECF No. 60.) For the reasons given herein, the motion is denied as moot.

## I.     FACTS AND PROCEDURAL HISTORY

Plaintiff Andrew Arevalo is incarcerated at Ely State Prison. On June 23, 2015, Plaintiff filed a § 1983 claim in state court alleging that while incarcerated at the High Desert State Prison officers allowed another inmate to initiate an altercation with him. Then, without justification, the officers allegedly shot Plaintiff repeatedly, slammed his face and head into the ground, and deprived him of prompt and proper medical treatment. Plaintiff asserted the following claims: (1) excessive use of force, deliberate indifference, and failure to prevent or stop an inmate attack; (2) assault; (3) battery; (4) intentional infliction of emotional distress; (5) negligence; (6) negligence per se; and (7) negligent training, supervision, and retention. Defendants removed.

/ / /

On October 13, 2016, Defendants James Greg Cox, Dwight Neven, Marc Syndiongco, Ronald Oliver, and Dustin Mumpower filed the instant motion to dismiss. They argue, inter alia, that they should be dismissed from this action because Plaintiff's Complaint fails to allege their personal participation in the alleged misconduct as required by § 1983. (Mot. Dismiss 5–6, ECF No. 60.) On October 27, 2016, the parties stipulated to extend the time for Plaintiff to respond to the motion or, in the alternative, file an amended pleading. (Stipulation, ECF No. 63.) Rather than oppose the motion, Plaintiff amended his Complaint. (Am. Compl., ECF No. 64.)

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 15(a) provides that a plaintiff may amend his complaint "as a matter of course" within 21 days after (1) service of the complaint, (2) service of a responsive pleading, or (3) service of a motion under Rule 12(b), (e), or (f). The Ninth Circuit Court of Appeals construes "the phrase 'matter of course' as consonant with 'as of right,' implying, if not expressly declaring, that Rule 15 confers a 'right' to amend upon the parties." *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015). When an amended complaint is filed, it "supersedes the original, the latter being treated thereafter as non-existent." *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) (internal citation omitted), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896, 927–28 (9th Cir. 2012).

## III.   ANALYSIS

The Court finds that the Amended Complaint is a valid and permitted amendment under Rule 15. The Motion to Dismiss filed by Cox, Neven, Sydiongco, Oliver, and Mumpower triggered Plaintiff's right to file an amended pleading within 21 days thereafter, on or before November 3, 2016. This deadline was extended by a court-approved stipulation of the parties. Plaintiff then filed his Amended Complaint in compliance with the extended deadline established by the stipulation.

The effect of the Amended Complaint is to supersede and replace the original Complaint, such that "the original pleading no longer performs any function," and effectively "ceases to exist." *Ramirez*, 806 F.3d at 1008. Accordingly, because the Motion to Dismiss targets Plaintiff's original Complaint, which is no longer in effect, the Motion is moot. *See id.*

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 60) is DENIED as moot.

IT IS SO ORDERED.

_____
ROBERT C. JONES
United States District Judge

December 6, 2016.