**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

ANDREW AREVALO,

        Plaintiff,

vs.

STATE OF NEVADA et al.,

        Defendants.

3:15-cv-00407-RCJ-WGC

**ORDER**

This case arises out of the use of a shotgun to break up a fight between two prisoners. Pending before the Court is the Magistrate Judge's Report & Recommendation ("R&R") on Defendants' motion to dismiss or for summary judgment. The Magistrate Judge recommends dismissing the claims against Defendant Dustin Mumpower and the individual capacity claims against Defendant Dwight Neven. Plaintiff has not opposed dismissal in that regard. The Magistrate Judge recommends denying the motion as to the official capacity claims against Neven. Finally, the Magistrate Judge recommends dismissing the State of Nevada and the Nevada Department of Corrections ("NDOC") without prejudice under Rule 4(m).

The Court agrees with the R&R except as otherwise stated. The Court respectfully disagrees that the claims against Neven in his official capacity should proceed. As the warden of High Desert State Prison ("HDSP"), Neven is alleged to be liable for implementing the NDOC policy permitting excessive force. There is no general supervisory liability under 42 U.S.C. § 1983. *E.g.*, *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1151 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)). A supervisor can be held liable under § 1983 if he directly sets into motion the particular violation at issue or refuses to stop particular

actions of which he is or should be aware. *See Starr v. Baca*, 652 F.3d 1202, 1205–07 (9th Cir. 2011). But there must be a specific policy implemented by a supervisory defendant or a specific event instigated by him. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012). Plaintiff does not allege that Neven instigated the event at issue, but only that he implemented a policy leading to it. Where a supervisor is not directly involved in a wrongful act, there must be "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (quoting *Snow v. McDaniel*, 681 F.3d 978, 989 (9th Cir.2012) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989))). Under that theory, "[s]upervisory liability exists . . . if supervisory officials implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of a constitutional violation.'" *Id.* (quoting *Hansen*, 885 F.2d at 646 (quoting *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987))) (first alteration in original).

Plaintiff alleges that NDOC Administrative Regulation ("AR") 405 is unconstitutional. (*See* Am. Compl. ¶¶ 45–46, ECF No. 64). But an examination of AR 405 shows it not to be unconstitutional with respect to excessive force. *See* AR 405.01, at 3, http://doc.nv.gov/uploadedFiles/docnvgov/content/About/Administrative_Regulations/AR%20405%20Use%20of%20Force%20Final%2011-15-16.pdf ("It is the policy of the NDOC to authorize the use of physical force when and only to the extent that it is reasonably believed to be necessary as specified in these rules. Staff is authorized to use that amount of force that is objectively reasonable to overcome a threat thereby minimizing the risk of injury to the officer, the threat and the public."). Lethal force may only be used "upon the reasonable belief that staff life or safety, or the life or safety of another, is in imminent jeopardy of death or substantial bodily harm given the totality of the circumstances known to the officer at the time . . . ." *See* AR

405.06, at 9. The regulation is insulated from a facial constitutional challenge under the Eighth Amendment by its own requirements of objective reasonableness. To the extent any individual Defendants acted unconstitutionally with respect to their use of force, they did *not* act in accordance with AR 405, and Neven therefore cannot be held liable for those Defendants' actions as a supervisor based on his implementation of AR 405. Plaintiff also appears to allege that despite AR 405, Neven instituted a de facto policy that permitted force beyond what AR 405 permitted, which if true might support a claim against him. *See Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 127 n.7 (2nd Cir. 2004) (Sotomayor, J.).

But Plaintiff has agreed to dismissal of the individual capacity claims against Neven, and Plaintiff can obtain only injunctive relief against Neven in his official capacity. Plaintiff has not alleged facts supporting standing to seek such relief. An extended quotation from the controlling Supreme Court case with analogous facts is helpful:

> Lyons has failed to demonstrate a case or controversy with the City that would justify the equitable relief sought. Lyons' standing to seek the injunction requested depended on whether he was likely to suffer future injury from the use of the chokeholds by police officers. Count V of the complaint alleged the traffic stop and choking incident five months before. That Lyons may have been illegally choked by the police on October 6, 1976, while presumably affording Lyons standing to claim damages against the individual officers and perhaps against the City, does nothing to establish a real and immediate threat that he would again be stopped for a traffic violation, or for any other offense, by an officer or officers who would illegally choke him into unconsciousness without any provocation or resistance on his part. The additional allegation in the complaint that the police in Los Angeles routinely apply chokeholds in situations where they are not threatened by the use of deadly force falls far short of the allegations that would be necessary to establish a case or controversy between these parties.
>
> In order to establish an actual controversy in this case, Lyons would have had not only to allege that he would have another encounter with the police but also to make the incredible assertion either, (1) that all police officers in Los Angeles always choke any citizen with whom they happen to have an encounter, whether for the purpose of arrest, issuing a citation or for questioning or, (2) that the City ordered or authorized police officers to act in such manner. Although Count V alleged that the City authorized the use of the control holds in situations where

3

> deadly force was not threatened, it did not indicate why Lyons might be realistically threatened by police officers who acted within the strictures of the City's policy. If, for example, chokeholds were authorized to be used only to counter resistance to an arrest by a suspect, or to thwart an effort to escape, any future threat to Lyons from the City's policy or from the conduct of police officers would be no more real than the possibility that he would again have an encounter with the police and that either he would illegally resist arrest or detention or the officers would disobey their instructions and again render him unconscious without any provocation.

*City of L.A. v. Lyons*, 461 U.S. 95, 105 (1983) (footnote omitted) (reversing the Court of Appeals' affirmation of a preliminary injunction). Likewise here, Plaintiff has not alleged that there is a real and immediate threat that he will again be subjected to use of a shotgun without any provocation on his part. All allegations are made in the past tense. (*See* Am Compl. ¶¶ 41–58). Nor has he alleged that NDOC officers use shotguns in all encounters with prisoners or that any policy implemented by Neven commands or permits them to do so. Accordingly, the claim for injunctive relief against Neven will be dismissed for lack of standing.

The Court will give leave to amend, however. The Eleventh Amendment prohibits suits against states in federal court without their consent. Defendants have waived Eleventh Amendment protection by removing the case to federal court, *see Embury v. King*, 361 F.3d 562, 566 (9th Cir. 2004), despite the State's general non-waiver statute, *see* Nev. Rev. Stat. § 41.031(3). The Civil Rights Act of 1871 only creates subject matter jurisdiction for suits against "person[s]," 42 U.S.C. § 1983, and neither a state nor its employees acting in their official capacities are "person[s]" under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). But contrary to Defendants' argument, *Will* does not prevent official-capacity actions for injunctive relief. *See id.* at 71 n.10 ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." (internal quotation marks and citations omitted)). Amendment is therefore not futile.

4

**CONCLUSION**

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 79) is ADOPTED IN PART and REJECTED IN PART.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 69) is GRANTED, and the Motion for Summary Judgment (ECF No. 70) is DENIED without prejudice. The claims against Defendants Mumpower and Neven are DISMISSED, with leave to amend the official capacity claims against Neven within fourteen (14) days. The State of Nevada and the Nevada Department of Corrections are DISMISSED without prejudice under Rule 4(m).

IT IS SO ORDERED.

Dated this 26th day of April, 2017.

_____
ROBERT C. JONES
United States District Judge