

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ANDREW AREVALO,

    Plaintiff,

vs.

JEFF CASTRO et al.,

    Defendants.

3:15-cv-00407-RCJ-WGC

**ORDER**

    This is a prisoner civil rights case arising out of the use of a shotgun to break up a fight between two inmates. On April 27, 2017, the Court dismissed much of the Amended Complaint, leaving only the claims asserted against correctional officers Reynaldo-John Ramos, Jeff Castro, and Isaiah Smith. (Order, ECF No. 85.) On August 9, 2017, the parties filed a stipulation to dismiss all claims against all defendants with prejudice, which the Court signed and entered on August 15. Plaintiff now requests an award of attorneys' fees by way of unopposed motion. (ECF No. 89.) For the reasons given herein, the Court grants the Motion in part.

## I. LEGAL STANDARDS

    "42 U.S.C. § 1988(b) authorizes district courts to award the 'prevailing party,' in any suit under 42 U.S.C. § 1983, a 'reasonable attorney's fee.'" *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). A prevailing party "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Lefemine v. Wideman*, 568

U.S. 1, 5 (2012). "The district court has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [the Court of Appeals] defer[s] to its determination, including its decision regarding the reasonableness of the hours claimed by the prevailing party." *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). Despite this broad discretion, however, "[i]t remains important . . . for the district court to provide a concise but clear explanation of its reasons for the fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

## II. ANALYSIS

This motion is unopposed. Plaintiff represents in his motion that the parties have stipulated that Plaintiff is the prevailing party, and that Defendant State of Nevada has assented to the fee award sought in the motion. These concessions were presumably made as part of the parties' settlement agreement, by which Plaintiff received a sum of $99,000 in exchange for a full dismissal of his case with prejudice.

### A. Plaintiff as Prevailing Party

The Court finds that Plaintiff was a prevailing party within the meaning of section 1988, not merely because of the parties' stipulation to that fact but because Plaintiff received substantial monetary relief from the settlement. "[T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree *or settlement*." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (emphasis added) (citations omitted). It is well settled in the Ninth Circuit that a litigant may be deemed a prevailing party when he enters into a legally enforceable settlement agreement. *See, e.g., Gonzalez*, 729 F.3d at 1202; *Carbonell v. I.N.S.*, 429 F.3d 894, 899 (9th Cir. 2005). Here, Plaintiff did not succeed on all of his claims or against all Defendants. However, for the claims

on which he did prevail, he received significant relief. *See Hensley*, 461 U.S. at 433 ("[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.").

### B. Calculation of the Lodestar

The Court next turns to whether the fee requested is reasonable. The Ninth Circuit has laid out the process for making this determination in some detail:

> To determine the amount of a reasonable fee under § 1988, district courts typically proceed in two steps. First, courts generally apply the "lodestar" method to determine what constitutes a reasonable attorney's fee. Second, the district court may then adjust the lodestar upward or downward based on a variety of factors. . . . A district court, using the lodestar method to determine the amount of attorney's fees to award, must determine a reasonable number of hours for which the prevailing party should be compensated. . . . Of course, in some cases, the prevailing party may submit billing records which include hours that could not reasonably be billed to a private client and, therefore, are not properly included in a § 1988 fee award. For example, records may contain entries for hours that are excessive, redundant, or otherwise unnecessary. Because a reasonable attorney's fee would not include compensation for such hours, . . . the court may conduct an hour-by-hour analysis of the fee request, and exclude those hours for which it would be unreasonable to compensate the prevailing party.

*Gonzalez*, 729 F.3d at 1202 (citations omitted).

Here, the Court finds that the hours billed by Plaintiff's counsel Mr. Vogelman are generally reasonable. Mr. Vogelman billed fewer than sixty hours on this case over the course of nearly nine months, which time included, *inter alia*, regularly communicating with Plaintiff and opposing counsel, drafting an amended complaint, drafting a discovery plan, coordinating with opposing counsel on a case management report, defending a motion to dismiss and/or motion for summary judgment, and obtaining a favorable settlement for his client. While this case was not overly complex, factually or legally, Mr. Vogelman's hours are broadly commensurate with the work required.

However, the Court takes note that more than a quarter of the total hours recorded by Mr. Vogelman represent nonproductive travel time between New Hampshire and Nevada (15.6 hours out of a total 58.9). (*See* Vogelman Billing Records 2, ECF No. 89-3.) It is within the Court's discretion to award fees under section 1988 for travel time, *see Davis v. City & Cty. of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992), *opinion vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993), or to reduce that portion of the fee attributable to travel time, *see Yamada v. Snipes*, 604 F. App'x 579, 580 (9th Cir. 2015). However, courts are especially reluctant to award fees for long-distance travel where an insufficient showing has been made that travel by out-of-state counsel was actually necessary. *See, e.g., Comcast*, 2010 WL 3781768, at *7; *Stanford v. Ocwen Federal Bank, FSB*, 2012 WL 37383, *2 (E.D. Cal. Jan. 6, 2012) (reducing fees for travel time where telephonic appearance was possible). That reluctance is consistent with the need for the Court to guard against awarding fees that "were self-imposed and avoidable." *Comcast*, 2010 WL 3781768, at *5 (citing *Tirona v. State Farm Mut. Auto. Ins. Co.*, 821 F. Supp. 632, 636 (D. Haw. 1993)).

Mr. Vogelman has not attempted to make a showing that his travel to Nevada was unavoidable. His billing records reveal that the only work he did while in Nevada was to meet with Plaintiff for 1.8 hours and review a court order for twelve minutes. The Court must conclude, therefore, that the purpose of Mr. Vogelman's trip was to have a face-to-face meeting with his client. However, the billing records also reveal that Mr. Vogelman was in frequent contact with his client by mail, email, and telephone. Mr. Vogelman has asserted—and the Court accepts—that Plaintiff retained him as counsel because Plaintiff had difficulty with finding representation in Nevada. However, after looking through Mr. Vogelman's billing records, the Court is at a loss as to why Mr. Vogelman was unable to conduct his client meeting over the phone. Indeed, Mr. Vogelman entered two telephonic appearances in this case, (*see* ECF Nos.

66, 83), so why was it necessary to expend such a significant amount of time and money on traveling to Nevada only to talk to his client? Unfortunately, Plaintiff's motion leaves this important question unanswered. Moreover, the fee request for Mr. Vogelman's travel time is further complicated by the appearance that Mr. Vogelman had other business in Nevada during the same trip. Mr. Vogelman arrived in Nevada on December 6, 2016, and met with Plaintiff on December 7, but did not return home to New Hampshire until December 10. Surely the Court cannot count all of Mr. Vogelman's travel time as billable client hours if he had other unrelated reasons for visiting Nevada.

Therefore, without more information concerning the necessity of the travel and a fuller understanding of all of Mr. Vogelman's reasons for taking the trip, the Court cannot conclude that it is reasonable for Mr. Vogelman to include his travel time among the hours spent on this case. Accordingly, the Court finds the reasonable hours for this case to be 43.3 for Mr. Vogelman, and 1.5 for Ms. Davidson.

The Court also finds that the hourly rates charged by Mr. Vogelman are reasonable. For his own work, Mr. Vogelman has applied a rate of $219 per hour, the maximum rate permissible under the Prison Litigation Reform Act (PLRA). *See* 42 U.S.C.A. § 1997e(d)(3) (limiting attorneys' fees under the PLRA to 150% of the statutory hourly rate for court-appointed counsel); Judiciary Fiscal Year 2017 Congressional Budget Summary 37 (Feb. 2016), http://www.uscourts.gov/sites/default/files/fy_2017_federal_judiciary_congressional_budget_summary_0.pdf (stating that the maximum rate authorized by statute is $146 per hour). This is reasonable in light of the fact that he is an experienced attorney with a customary rate of $450 per hour. For Ms. Davidson, a paralegal, Mr. Vogelman has applied a rate of $125 per hour. This is within a normal range and represents a reasonable fee. *See Perez v. Cate*, 632 F.3d 553, 557

(9th Cir. 2011) (holding that the PLRA does not cap paralegal fees at a lower hourly rate than the rate for court-appointed counsel).

In light of the above, the Court calculates the lodestar as follows:

| Attorney/Staff | Hours | Hourly Rate | Total |
|---|---|---|---|
| A. Vogelman | 43.3 | $219 | $9,482.70 |
| J. Davidson | 1.5 | $125 | $187.50 |

Accordingly, the Court finds the lodestar amount to be $9,670.20.

### C. Adjustments to the Lodestar

The lodestar amount is presumptively reasonable. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988). The Court may adjust the lodestar based on a number of additional factors not subsumed in the initial calculation. *See Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). However, the Court should adjust the lodestar only in "rare and exceptional cases." *Fischer v. SJBP.D. Inc.*, 214 F.3d 1115, 1119 n. 4 (9th Cir. 2000) (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)). Here, Plaintiff addresses the additional factors only very briefly in his motion, and does not actually request a multiplier of any kind. The Court finds that circumstances do not exist to warrant adjusting the lodestar. Therefore, the Court will award the fees requested by Plaintiff, with the sole exception of those fees requested for long-distance travel time.

///
///
///
///
///
///

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's motion for attorneys' fees (ECF No. 89) is GRANTED IN PART. Consistent with the foregoing analysis, Plaintiff is hereby awarded reasonable attorneys' fees in the amount of $9,670.20.

IT IS FURTHER ORDERED that Plaintiff shall submit a proposed form of judgment within thirty days from the entry of this order.

IT IS SO ORDERED. *October 10, 2017.*

_____
ROBERT C. JONES
United States District Judge